UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE AGGRENOX<br>ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | No. 3:14-md-02516 (SRU) |

**AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement dated August 15, 2017 between Defendants Boehringer Ingelheim Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharmaceuticals (collectively, "Boehringer"); Teva Pharmaceuticals USA, Teva Pharmaceutical Industries, Barr Pharmaceuticals, Barr Laboratories, Duramed Pharmaceuticals, and Duramed Pharmaceutical Sales Corp. (collectively, "Teva") and Direct Purchaser Plaintiffs' Lead Counsel acting pursuant to the Court's Order, dated June 16, 2014, Doc. No. 94, on behalf of Plaintiffs Miami Luken Inc. ("Miami Luken"), Rochester Drug Co-Operative ("RDC"), American Sales Co. ("American Sales") and Cesar Castillo, Inc. ("Castillo") (collectively "Direct Purchaser Class Plaintiffs," "named Plaintiffs," or "Plaintiffs"), and on behalf of the Direct Purchaser Class, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Amended Final Judgment and Order of Dismissal hereby incorporates by reference the definitions in the Settlement Agreement among Defendants, Plaintiffs, and the Direct Purchaser Class, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. On September 19, 2017 this Court certified a class for purposes of settlement ("the Class"):

> All persons or entities in the United States and its territories and possessions including the Commonwealth of Puerto Rico who directly purchased branded Aggrenox in any form from any of the Defendants from December 1, 2009 through June 30, 2015 (the "Class Period"), or their assignees (the "Class"). Excluded from the Class are Defendants and their officers, directors, management and employees, predecessors, subsidiaries and affiliates, and all federal governmental entities. Also excluded from the Class are CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company L.P. and Albertson's LLC and their officers, directors, management and employees, predecessors, subsidiaries and affiliates who have brought individual claims as direct purchasers or assignees of direct purchasers to the extent they have valid assignments as more fully described in paragraph 10 of the Settlement Agreement ("Retailer Plaintiffs").

3. The Court has appointed Miami Luken, RDC, American Sales and Castillo as representatives of the Direct Purchaser Class (the "Class Representatives"). The Court has found that Lead Counsel, Liaison Counsel and the Executive Committee ("Class Counsel") have fairly and adequately represented the interests of the Direct Purchaser Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

4. The Court has jurisdiction over these actions, each of the parties, and all members of the Direct Purchaser Class for all manifestations of this case, including this Settlement.

5. The notice of settlement (substantially in the form presented to this Court as Exhibit B to the Settlement Agreement) (the "Notice") directed to the members of the Class, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided for individual notice to all members of the Direct Purchaser Class who were identified through reasonable efforts. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided Direct Purchaser Class members due and adequate notice of the Settlement, the Settlement Agreement,

these proceedings, and the rights of Class members to opt out of the Direct Purchaser Class and/or object to the Settlement.

6. Due and adequate notice of the proceedings having been given to the Direct Purchaser Class and a full opportunity having been offered to the Direct Purchaser Class to participate in the December 18, 2017 Fairness Hearing, it is hereby determined that all Direct Purchaser Class members are bound by this Order and Amended Final Judgment.

7. The Settlement of this Direct Purchaser Class Action was not the product of collusion between the Direct Purchaser Class Plaintiffs and Defendants or their respective counsel, but rather was the result of bona fide and arm's-length negotiations conducted in good faith between Direct Purchaser Class Counsel and counsel for Defendants, with the assistance of a mediator.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to Direct Purchaser Class members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

9. The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by Class Counsel (the "Plan of Allocation"), which was summarized in the Notice of Proposed Settlement and was attached to Direct Purchaser Class Plaintiffs' Motion for Final Approval of Settlement, and directs Berdon Claims Administration LLC, the firm retained by Direct Purchaser Class Counsel as the Claims Administrator, to distribute the net Settlement Fund as provided in the Plan of Allocation.

10. All claims against Defendants in *In re Aggrenox Antitrust Litigation*, Civil Action No. 3:14-md-02516 (SRU) (D. Conn.) (the "Direct Purchaser Class Action"), including by those

members of the Direct Purchaser Class who have not timely excluded themselves from the Direct Purchaser Class, are hereby dismissed with prejudice, and without costs.

    11.  Upon the Settlement Agreement becoming final in accordance with paragraph 7 of the Settlement Agreement, Plaintiffs and the Direct Purchaser Class unconditionally, fully and finally release and forever discharge Defendants, any past, present and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited partners, employees, agents, trustees, associates, attorneys and any of their legal representatives, or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") from any and all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including costs, expenses, penalties and attorneys' fees, accrued in whole or in part, in law or equity, that Plaintiffs or any member or members of the Direct Purchaser Class (including any of their past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (the "Releasors"), whether or not they object to the Settlement, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of or relating in any way to any claim under federal or state law that was alleged or could have been alleged in the Direct Purchaser Class Action, prior to the date of the Settlement, including but not limited to:

    (1)  the alleged delayed entry of generic Aggrenox;

(2) conduct with respect to the procurement, maintenance and enforcement of United States Patent Number 6,015,577; and

(3) the sale, marketing or distribution of Aggrenox or generic Aggrenox except as provided for in paragraph 13 herein (the "Released Claims").

Releasors hereby covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims. For the avoidance of doubt, the release provided herein applies, without limitation, to any conduct relating to the procurement, maintenance or enforcement of United States Patent Number 6,015,577, including any commencement, maintenance, defense or other participation in litigation concerning any such patents, that was alleged in, could be fairly characterized as being alleged in, is related to an allegation made in, or could have been alleged in the Direct Purchaser Class Action.

12. In addition, Plaintiffs on behalf of themselves and all other Releasors, hereby expressly waive, release and forever discharge, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 1542. *General Release; extent*. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs and members of the Direct Purchaser Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph 12, but each Plaintiff and member of the Direct Purchaser Class hereby expressly waives and fully, finally and forever settles, releases and

5

discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Plaintiff and member of the Direct Purchaser Class also hereby expressly waives and fully, finally and forever settles, releases and discharges any and all claims it may have against any Released Party under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

13. The releases set forth in paragraphs 11 and 12 of this Order shall not release claims between Plaintiffs, members of the Direct Purchaser Class, and the Released Parties unrelated to the allegations in *In re Aggrenox Antitrust Litigation*, Civil Action No. 3:14-md-02516 (SRU) (D. Conn.), including claims under Article 2 of the Uniform Commercial Code (pertaining to Sales), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury, or other claims unrelated to the allegations in *In re Aggrenox Antitrust Litigation*, Civil Action No. 3:14-md-02516 (SRU) (D. Conn.).

14. Class Counsel for the Direct Purchaser Class have moved for an award of attorneys' fees, reimbursement of expenses and incentive awards for the class representatives. Class Counsel request an award of attorneys' fees totaling $48,666,666.67 (representing 33⅓% of the Settlement) and reimbursement of the reasonable costs and expenses incurred in the prosecution of this action in the amount of $969,375.91, together with a proportionate share of the interest thereon, and incentive awards of $75,000.00 for each of the named plaintiffs, and such motion has been on the docket and otherwise publicly available since October 13, 2017, with a

supplemental motion as to costs and expenses being on the docket and otherwise publicly available since November 21, 2017.

15. Upon consideration of Class Counsel's petition for fees, costs and expenses, Class Counsel are hereby awarded attorneys' fees totaling $29,200,000.00 (representing 20% of the Settlement Fund), and costs and expenses totaling $988,678.53, together with a proportionate share of the interest thereon, from the date the funds are deposited in the Settlement Escrow Account until payment of such attorneys' fees, costs and expenses, at the rate earned by the Settlement Fund, to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with paragraph 7 of the Settlement Agreement. Upon consideration of Class counsel's petition for incentive payments for Direct Purchaser Class Representatives, each of Miami Luken, RDC, American Sales, and Castillo are hereby each awarded $75,000.00, to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with paragraph 7 of the Settlement Agreement. Garwin Gerstein & Fisher LLP shall allocate and distribute such attorneys' fees, costs and expenses among the various Class Counsel which have participated in this litigation. Garwin Gerstein & Fisher LLP shall allocate and distribute such incentive awards among the various Direct Purchaser Class Representatives which have participated in this litigation. The Released Parties (as defined in paragraph 14 of the Settlement Agreement) shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs or incentive awards among Class Counsel and/or Class Representatives, nor with respect to any allocation of attorneys' fees, expenses, costs or incentive awards to any other person or entity who may assert any claim thereto. The attorneys' fees, costs and expenses, and incentive awards authorized and approved by this Amended Final Judgment and Order of Dismissal shall be paid to Garwin Gerstein &

Fisher LLP within five (5) business days after this Settlement becomes final pursuant to paragraph 7 of the Settlement Agreement or as soon thereafter as is practical and in accordance with the terms of the Settlement Agreement and the Escrow Agreement. The attorneys' fees, costs and expenses, and incentive award authorized and approved by this Amended Final Judgment and Order of Dismissal shall constitute full and final satisfaction of any and all claims that Plaintiffs and any Direct Purchaser Class member, and their respective counsel, may have or assert for reimbursement of fees, costs, and expenses, and incentive awards, and Plaintiffs and members of the Direct Purchaser Class, and their respective counsel, shall not seek or demand payment of any fees, costs, expenses, or incentive awards from Defendants other than the Settlement Fund.

16. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Amended Final Judgment and Order of Dismissal.

17. The Court finds that this Amended Final Judgment and Order of Dismissal adjudicates all of the claims, rights and liabilities of the parties to the Settlement Agreement (including the members of the Direct Purchaser Class), and is final and shall be immediately appealable. Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence or admission by Defendants or any other Released Party on liability, any merits issue, or any class certification issue (including but not limited to whether a class can be certified for purposes of litigation or trial) in this or any other matter or proceeding, nor shall this Order, the Settlement Agreement, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement or

the terms of this Amended Final Judgment and Order of Dismissal, or if offered by any released Party in responding to any action purporting to assert Released Claims.

So ordered.

Dated at Bridgeport, Connecticut, this 21st day of December 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

9